UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

GEORGE "KEVIN" QUINN                                                PLAINTIFF

v.                                        CIVIL ACTION NO. 4:12CV-120-M

THE PEOPLE *et al.*                                                 DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, George "Kevin" Quinn, filed the instant *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis.*  This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court will dismiss the action.

### I.  SUMMARY OF CLAIMS

Plaintiff is an inmate in the Daviess County Detention Center.  In the caption of the complaint, he identifies himself as George "Kevin" Quinn, "A.K.A. The Mighty Quinn, Founder - Caucasian Bureau Investigation - C/O."  He lists Defendants as follows:  "'The People' - C/O President[] Barrack Obama, Steve Beshear (Governor), Department Public Advocacy, Michael VanMeter, D.C.B.S., K.S.P., D.C.S.O. and Bailiffs, O.P.D.,[1] City of Owensboro, Staff at Morton Holbrook Judicial Center, Western KY Legal AID."

In his statement of the claim,[2] Plaintiff states that in 2011 "O.P.D. arrested me on a warrant sworn out by Antonio Pinayi (a illegal immigrant).  (Kidnapping, abusing mentally

---

[1]The Court presumes that the four Defendants Plaintiff identifies by acronym are the Department of Community Based Services, Kentucky State Police, Daviess County Sheriff's Office, and Owensboro Police Department, respectively.

[2]The Court will summarize the allegations in the sequence in which Plaintiff states them in the complaint.

ill)[.]" He further states that in 2011 Judge Tom Lively "let Antonio Pinayi steal my car, my photo album with children's pictures, and legal work that shows D.C.B.S. and employees at Morton Holbrook Judicial Center kidnapped my son Jadon." He also states that on August 8, 2012, Judge Jay Wethington "refused to let me appeal that matter in circuit court!" Plaintiff states that in 2011 he "reported above said car stolen to O.P.D. in front of (illegal immigrant's) Antonio Pinayi's pawn shop where Antonio swore to me he didn't know where my car was that I bought for my daughter . . . ." He states that he then went to the Robert M. Kirtley Building and inquired "how it was possible for O.P.D. to take a report on my stolen car if they didn't ask me for the VIN # or license plate #?" He states that an agent informed him that "Antonio told O.P.D. he had the car at the time they allegedly claimed to be taking a police report! (Accessory to theft by deception and failure to provide services to a mentally ill person!)"

Plaintiff further states that in 2011 Judge Tom Lively "refused to hear evidence and testimony relating to the kidnapping of Jadon Quinn by D.C.B.S. generated by investigation ordered on 1-14-08 relating to above accusation." He states on January 18, 2012, Judge Lisa Jones "said the kidnapping of Jadon Quinn was being investigated! (Abusing a mentally ill person and kidnapping)."

Plaintiff also states that in 2011 he called 911 and reported that someone stole his "money purse" at Milligans Lounge. However, when an officer arrived, a woman reported him to the police. He states the following incident then occurred:

> I holler; 'Hey I'm the one who called police'! He (Walling) then proceeds to exit his cruiser! I start to jog towards Officer Walling and say; 'By the way are you going to let her talk like that in public? He takes off running at me so I stop and he says; 'Get your hands behind your back.' When he reaches me he says, 'Your under arrest!' I; 'Say What'! He says; 'You assaulted me, you bumped me with your chest!' I tell him to get away from me and that he is retarded! . . . [H]e kidnapped me, [and] let the perpetraitor get away with my two thousand dollars! Him and two

2

other officers assaulted me twice while I was handcuffed, and abused a mentally ill person and looked silly the whole time.

Plaintiff also states the on December 21 and 22, 2012, "O.P.D. arrested me for protesting the kidnapping" and alleges "[k]idnapping, police brutality, freedom of speech, and abusing a mentally ill person!"  Further, he states that in January 2012, "K.S.P. refused to investigate me being raped as a child by Jimmy Williams a negro at Green River Boys Camp in Cromwell KY. (Abusing a mentally ill person.[)]"  He also indicates that he will make more allegations in 2013.

As relief, Plaintiff makes a variety of demands.  He seeks injunctive relief in the form of "notify Homeland Security Phoenix, AZ.  Tell them Jadon was taking across state lines."  He also seeks:  "Find me a honest judge who will restore custody of my son who has been kidnapped since 1-14-08 according to Judge Joe Castlin testimony."  In regards to compensatory and punitive damages, Plaintiff states that he does not seek either form of damages "if my wish list is granted."  His "wish list" is attached to the complaint and contains a list of ten demands, including building a skyscraper on the river front of the Ohio River, publishing a magazine called The Kentucky Hillbilliette, and purchasing several properties.  He also states that he wants Charles Manson released "into my custody or let 'Kevin' Quinn be his cell-mate so I can assure him the negroes will never overthrow the United States and show him how to worship God properly . . . ."  Finally, Plaintiff's wish list includes "a minimum wage part-time job at Green River Boys Camp [GRBC] as Grounds Promoter."  He states that he was a resident there from age 15 to approximately 18 when he was "dropped [] off on the side of the road."  He states that he was offered at job at GRBC when he was released but he declined due to the actions of his group leader.  He describes the actions as "very sensitive."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

4

with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.     O.P.D. and City of Owensboro

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

O.P.D. is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a police department is not an entity which may be sued under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). An action brought against a municipal department should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. In this case, the claims against O.P.D. will be construed as claims against the City of Owensboro. Therefore, Plaintiff's claims against the O.P.D. and the City of Owensboro are reviewed under the same analysis.

5

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether this municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that any Defendant acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that any of the

6

alleged events occurred as a result of a policy or custom implemented or endorsed by the City of Owensboro, the complaint fails to establish a basis of liability against the municipality.

Moreover, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy,* 38 F.3d at 286; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

Accordingly, Plaintiff's claim against O.P.D. and the City of Owensboro will be dismissed for failure to state a claim upon which relief may be granted.

## B. K.S.P. and D.C.B.S.

A state and its agencies are also not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. Both K.S.P. and D.C.B.S.[3] are state agencies and therefore not subject to suit under § 1983.

Additionally, the Eleventh Amendment[4] acts as a bar to all claims for relief against

---

[3]The Department of Community Based Services is an agency of the Kentucky Cabinet for Health and Family Services. *See Barrett v. Benchmark Family Servs., Inc.*, No. 6:07-406-DCR, 2008 U.S. Dist. LEXIS 38961, 2008 WL 2050996, at *4 (E.D. Ky. May 12, 2008).

[4]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

K.S.P. and D.C.B.S.  A state and its agencies, such as K.S.P. and D.C.B.S., may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Therefore, Plaintiff's action against K.S.P. and D.C.B.S. will be dismissed for failure to state a claim upon which relief can be granted.

**C.    "Staff at Morton Holbrook Judicial Center"**

Plaintiff names as a Defendant in the caption "Staff at Morton Holbrook Judicial Center." The only fact he alleges concerning this Defendant is that a non-party stole from him "legal work" that shows "employees at Morton Holbrook Judicial Center kidnapped my son Jadon." To the extent that Plaintiff is alleging that unnamed staff members at the Morton Holbrook Judicial Center kidnapped his son, without more facts, the allegation amounts to a "'naked assertion' devoid of 'further factual enhancement[,]'" which is insufficient to survive initial review.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Accordingly, the claim against Staff at Morton Holbrook Judicial Center will be dismissed for failure to state claim.

**D.    All other Defendants**

The complaint makes no reference to Defendants "The People," President Obama, Governor Beshear, Department Public Advocacy, Van Meter, D.C.S.O. and bailiffs, and Western

Kentucky Legal Aid, except in the complaint's caption.  Plaintiff states no facts regarding these Defendants' personal involvement in the events giving rise to the complaint.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Because Plaintiff has not alleged any facts involving these Defendants, the claims against them will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   April 8, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.010

9